**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| RANDY L. TUCKER, | : | |
| Claimant, | : | |
| v. | : | CASE NO. 4:07-CV-111 (CDL) |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Respondent. | : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ improperly rejected the opinion of Claimant's treating physicians, failed to apply the correct standard concerning diagnosis and statements of treating physicians, and failed to properly evaluate and explain the weight given to the medical evidence?**

II. **Whether the ALJ failed to properly indicate the weight given to all the evidence of record?**

### Administrative Proceedings

Claimant filed an application for Supplemental Security Income payments on June 3,

2002. (T-17). Claimant's application was denied on initially and on reconsideration. *Id.* Claimant then filed a request for a hearing, which was held on September 15, 2006. (T-167-185). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated January 8, 2007. (T-14-23). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-4-6).

### Statement of Facts and Evidence

Claimant alleges that he is disabled due to high blood pressure, stomach problems and depression. (T-81). After examining the medical records, the ALJ determined that Claimant's dysthymia and borderline intellectual functioning were impairments that were severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-19). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform heavy work, but that the work could not require frequent contact with the public and that Claimant could not work with more than six co-workers. (T-19). The ALJ determined that Claimant would be unable to return to his past relevant work, but found, however, that there were a significant number of jobs that Claimant could perform in the national economy, thus determining that Claimant was not disabled. (T-22-23).

**I.      Whether the ALJ improperly rejected the opinion of Claimant's treating physician, failed to apply the correct standard concerning diagnosis and statements of treating physicians, and failed to properly evaluate and explain the**

4

**weight given to the medical evidence?**

Claimant first contends that the ALJ improperly discounted the opinion of Dr. Walter Skinner as a treating psychologist. (R-7). Specifically, Claimant argues that the ALJ improperly discredited Dr. Skinner by finding that Dr. Skinner was a "licensed therapist" instead of a licensed psychologist. (R-7, p. 1-2). It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). To give a medical opinion controlling weight the ALJ "must find that the treating source's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id.*

The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon; the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the

evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. §416.927(d).

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. 404.1527(a); *see* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he or she finds the claimant disabled or that he finds that the claimant's impairments meet or equal any relevant Listing. 20 C.F.R. §416.927(e)(1), (2)& (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability." 20 C.F.R. 404.1527(e); *see* SSR 96-5p.

Claimant argues that by finding that Dr. Skinner was a licensed therapist, and not a psychologist, the ALJ discredited Dr. Skinner's opinion and gave it lesser weight. (R-7, p. 2). Additionally, Claimant argues the ALJ improperly gave Dr. Skinner's opinion lesser weight than the consultative examiners because Dr. Skinner's degree was in Education. *Id*. The record, however, reveals that the ALJ thoroughly discussed Claimant's medical records, including the records provided by Dr. Skinner, and found that Dr. Skinner's opinion that

6

Claimant was "unable to adapt to the workplace" was not supported by any objective medical evidence and other evidence in the record. (T-21). The ALJ specifically found that Claimant's record, activities of daily living, and the findings of Drs. Lieberman, Triolo and Andrews did not support Dr. Skinner's report that Claimant was virtually paralyzed by depression. *Id*. The ALJ also noted that all three consulting examiners were of the opinion that Claimant could work. *Id*.

Although the ALJ did incorrectly identify Dr. Skinner as a licensed therapist instead of a psychologist, he did acknowledge Dr. Skinner was "qualified to express his opinion as an acceptable medical source." (T-21). The Court of Appeals for the Eleventh Circuit recently stated that an incorrect application of the regulations is harmless error when the correct application would not contradict the ALJ's ultimate findings. *See Caldwell v. Comm'r of Soc. Sec.*, 2008 WL 60289 at *2 (11th Cir. 2008) (not selected for publication); *citing Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983). A plain reading of the ALJ's findings indicate that Dr. Skinner's opinion was given lesser weight because it was contradicted by the medical record, Claimant's activities of daily living, and the findings of the consultative examiners, and not because Dr. Skinner's degree is in Education, nor because the ALJ incorrectly identified Dr. Skinner as a licensed therapist. (T-21). There does not appear to be an incorrect application of the regulations, but rather an incorrect citing of a license. However, even if it were error, it did not create an evidentiary gap and would be harmless error in this instance. *See Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).

7

As stated above, a physician's opinion regarding the ultimate issue of disability is an issue reserved for the Commissioner and thus, is not entitled to any special significance. From the discussion in his Findings, it is clear the ALJ applied the correct standards concerning diagnosis, statements, and the opinions of treating physicians, and explained the weight given to the medical evidence. Furthermore, although the ALJ expressed an opinion, it does not appear that he substituted his own opinion for that of a medical professional. As such, no error is found as to the ALJ's analysis of Dr. Skinner' opinion as a treating psychologist.

## II. Whether the ALJ failed to properly indicate the weight given to all the evidence of record?

On the last page of his brief, Claimant lists his second issue, which states only that "[t]he ALJ did not state with particularity the weight given to all the medical evidence and the reasons therefor." (R-7, p. 5). Claimant did not cite to the record, nor did he provide supporting facts. As such, the issue is deemed waived. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Cont'l Technical Services v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991) (finding that a "simple contention" does not present an argument and therefore is waived); *see also Callahan v. Barnhart*, 186 F.Supp.2d 1219, 1230 n.5 (M.D. Fla. 2002) ("Such a cursory treatment of a potentially important issue is taken by this Circuit to be a sign that the party has abandoned the issue.").

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 27th day of August, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc